# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

UNITED STATES OF AMERICA,

  Plaintiff

  v.

NORBERTO FLORES-LOPEZ,

  Defendant.

CASE NO. CR19-203RSM

ORDER GRANTING APPEAL OF MAGISTRATE JUDGE'S RELEASE ORDER

This matter comes before the Court on the United States' Appeal of Magistrate Judge's Release Order. Dkt #254. On April 3, 2020, Magistrate Judge Theiler found that the recent COVID-19 pandemic was a changed circumstance sufficient to allow Defendant to reopen the issue of detention and that release was warranted given a mitigated risk of flight due to the COVID-19 pandemic. The Government now appeals that Order, arguing that the first finding was in error because "(1) there have been no confirmed cases of the COVID-19 virus at the Federal Detention Center (FDC), (2) the FDC has undertaken substantial safety measures to prevent the introduction of the virus at the institution, and (3) Defendant is a healthy 22-year old male, who does not suffer from any underlying medical conditions that would make him particularly vulnerable or otherwise part of a high-risk group." *Id*. at 2. The Government

ORDER GRANTING APPEAL OF MAGISTRATE JUDGE'S
RELEASE ORDER – 1

maintains that the second finding was in error because Defendant's flight risk has not changed. *Id*. at 21.

The Government provides an extensive background of the underlying case and procedural history, which the Court need not recite as it is well known to the parties and the Court is only examining limited issues. *Id*. at 3–18. Defendant was ordered detained by Magistrate Judge McCandlis after the initial detention hearing. Dkt. #133. On March 23, 2020, Defendant filed a Motion to Revise Detention Order seeking his release. Dkt. #238. The only change in circumstance cited in his motion was the recent COVID-19 pandemic and a general concern regarding Defendant's health if the virus comes to the Federal Detention Center ("FDC"). *Id*. Defendant later filed an emergency motion seeking the same release based on COVID-19 and mentioned an inability to communicate with counsel at the FDC. On April 3, 2020, Magistrate Judge Theiler conducted a hearing on the matter and granted the Motion. This appeal followed.

An appeal of a magistrate's detention order is governed by 18 U.S.C. § 3145(a)(1), which provides that "if a person is ordered released by a magistrate judge (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." The District Court judge with original jurisdiction then reviews de novo the Magistrate Judge's detention order. *See United States v. Koenig*, 912 F.2d 1990, 1192 (9th Cir. 1990). In ruling on a motion for pretrial detention, the Court must make the same determination as the Magistrate Judge; whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community. 18 U.S.C. § 3142(f). The United States typically bears the burden of showing that defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant

ORDER GRANTING APPEAL OF MAGISTRATE JUDGE'S
RELEASE ORDER – 2

poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991). However, the Bail Reform Act expressly provides that:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . or an offense under section 924(c) . . . of title 18 of the United States Code . . .

18 U.S.C. § 3142(e).

As an initial matter, the Court agrees with the Government that the current COVID-19 pandemic alone was not a valid basis to reopen the issue of detention. A detention order may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Defendant's basis to reopen detention relied on speculation as to the risk he faces of contracting the disease at the FDC and speculation as to the impact such would have on his health. Both sides speculate as to whether the current COVID-19 shutdown conditions outside the FDC would increase or decrease Defendant's flight risk. The Court finds that Defendants' information was too speculative and generalized to have a material bearing.

There is a presumption of detention in this case because Defendant is facing a ten-year mandatory minimum term of imprisonment. Even if Defendants' new COVID-19 information was not speculative, the Court finds that Defendant's age and lack of any underlying medical conditions would not make him particularly vulnerable or otherwise part of a high-risk group.

ORDER GRANTING APPEAL OF MAGISTRATE JUDGE'S
RELEASE ORDER – 3

This is a significant point. Although the parties can debate whether or not the new coronavirus is or will be spreading at the FDC, the Court is not convinced that this constitutes a significant enough risk to this Defendant's health to warrant release given the initial bases for Judge McCandlis to order detention.

Defendant argues that he is being deprived of his Sixth Amendment right to counsel given the limitations on attorney visits at the FDC. Dkt. #257 at 4. Defendant is still able to communicate with counsel via CORRLINKS email and telephone, although this access has apparently been delayed or disrupted due to the FDC's efforts at social distancing. The Court finds that, under the circumstances, this is sufficient to provide Defendant with access to counsel.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the United States' Appeal of Magistrate Judge's Release Order, Dkt #254, is GRANTED. Defendant will remain in custody pending trial in this matter.

DATED this 14th day of April, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE