UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>NORBERTO FLORES-LOPEZ,<br><br>Defendant. | CASE NO. CR19-203RSM<br><br>ORDER DENYING MOTION FOR REDUCTION IN SENTENCE |

This matter comes before the Court on a Motion for Reduction in Sentence filed by Defendant Norberto Flores-Lopez. Dkt. #777. Mr. Flores-Lopez, an inmate at FCI Sheridan in Oregon, moves for a reduction in his custodial sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He submits a pre-drafted form motion, with only his name and certain dates filled in by hand. *See id.* Under the heading "extraordinary and compelling circumstances," the Motion discusses the general conditions at FCI Sheridan during the COVID-19 pandemic. The pre-drafted portion then discusses, or appears to discuss, *this* Defendant's Section 3553(a) factors. The discussion is vague and generalized, *e.g.*, stating, "[t]he Defendant has spent a significant amount of time in prison both atoning for his crimes and rehabilitating himself. His conduct in prison has been far better than the pre-conviction conduct the court was basing the judgment on the first time." *Id*. at 3.

ORDER DENYING MOTION FOR REDUCTION IN SENTENCE – 1

Mr. Flores-Lopez pleaded guilty to conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846 and conspiracy to commit money laundering in violation of 21 U.S.C. §§ 1956(a)(2)(A) and 1956(h). Dkts. #563 and #575. In October 2021, the Court sentenced Mr. Flores-Lopez to 80 months of custody. Dkt. #640. His expected release date is July 24, 2025. By the Court's estimation, he has served roughly half his sentence.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger

ORDER DENYING MOTION FOR REDUCTION IN SENTENCE – 2

> to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).

The Sentencing Commission offers guidance on medical conditions that may warrant compassionate release. Application Note 1 to USSG § 1B1.13 provides that "extraordinary and compelling reasons" for a sentence reduction exist when:

> (A) Medical Condition of the Defendant.
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13 cmt. n.1(A).

Faced with the rapid spread of COVID-19 through the country's prison systems, many courts have determined that the USSG's "medical condition" criteria are not well-suited to addressing the risk of serious illness or death from COVID-19. As a result, courts in this district have considered one or more of the following factors when evaluating a compassionate release request based on the threat COVID-19: (i) whether the inmate is at higher risk because of his or her age and/or race; (ii) whether the inmate has one or more, medically-documented, chronic

ORDER DENYING MOTION FOR REDUCTION IN SENTENCE – 3

health conditions that render him or her more vulnerable to COVID-19; (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19; (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease; and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19. *United States v. Powers*, No. CR15-166 TSZ, 2020 WL 3605748, *2 (W.D. Wash. July 2, 2020) (collecting cases). Given the "catch-all" provision of the Commission's application notes, *see* USSG § 1B1.13, cmt. n.1(D), as well as the non-binding status of the comments to USSG § 1B1.13, the Court has discretion to consider the above factors. *Id.*

The instant Motion contains nothing specific to Mr. Flores-Lopez's medical situation, or even specific to the conditions he faced at FCI Sheridan as opposed to other inmates. It is a copy and pasted Motion identical to that submitted in other cases.

As the Court has previously ruled several times, restrictive measures adopted by BOP in response to the pandemic do not constitute extraordinary and compelling reasons for compassionate relief absent some additional, defendant-specific reason for a reduction in sentence. The measures are not extraordinary and compelling because they apply to most, if not all, federal inmates in BOP.

This Defendant has failed to demonstrate a risk factor for COVID-19 sufficient to constitute extraordinary and compelling reasons for a sentence reduction. Further, he has failed to demonstrate that he is not receiving adequate medical care.

Given all of the above, the Court finds no extraordinary and compelling reason to grant the requested relief and the Court need not proceed through Mr. Flores-Lopez's Section 3553 factors or any other considerations. Accordingly, having reviewed the Motion, along with the

ORDER DENYING MOTION FOR REDUCTION IN SENTENCE – 4

remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Compassionate Release, Dkt. #777, is DENIED.

DATED this 7th day of September, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE